08-4025-ag (L); 09-3373-ag (Con)
Si v. Holder

BIA
Nelson, IJ
A094 824 671
A094 824 672

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand ten.

PRESENT:
ROGER J. MINER,
GUIDO CALABRESI,
ROBERT A. KATZMANN,
    *Circuit Judges.*

_____

NANDA SI, NYAN THAR MIN NYO,
    *Petitioners*,

v.

08-4025-ag (L);
09-3373-ag (Con)
NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.**

_____

FOR PETITIONER:      Lawrence T. Kass, New York, N.Y.

_____

    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Shelley R.
                       Goad, Senior Litigation Counsel;
                       Katharine E. Clark, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Nanda Si, a native and citizen of Burma, and Nyan Thar Min Nyo, a native of Japan, seek review of a July 16, 2008, order of the BIA, affirming the October 24, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied their applications for asylum and withholding of removal to Japan and granted withholding of removal to Burma. *In re Nanda Si, Nyan Thar Min Nyo*, Nos. A094 824 671, A094 824 672 (B.I.A. July 16, 2008), *aff'g* Nos. A094 824 671, A094 824 672 (Immig. Ct. N.Y. City Oct. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We "review [] the

2

agency's factual findings under the substantial evidence standard, which requires that the IJ's findings be supported by reasonable, substantial and probative evidence in the record." *Jin Yi Liao v. Holder*, 558 F.3d 152, 156 (2d Cir. 2009)(internal quotation marks omitted); *see* 8 U.S.C. § 1252(b)(4)(B); *see also Sall v. Gonzales,* 437 F.3d 229, 232 (2d Cir. 2006).

In denying Si and Min Nyo's applications for asylum, the agency concluded that they were firmly resettled in Japan prior to their arrival in the United States. 8 C.F.R. § 1208.15. We have held that in determining the issue of firm resettlement, the agency should apply a totality of the circumstances test. *Sall,* 437 F.3d at 233. Under this test, the agency may look beyond the absence of a formal offer of permanent residence from a third country and examine the "totality of the alien's circumstances" to determine whether the applicant has found an "alternative place[] of refuge abroad." *Id at 232,233; see also Jin Yi Liao,* 558 F.3d at 157. Factors the agency may consider include: "whether [an applicant] intended to settle in [the country] when he arrived there, whether he has family ties there, whether he has business or property connections that

3

connote permanence, and whether he enjoyed the legal rights – such as the right to work and to enter and leave the country at will – that permanently settled persons can expect to have." *Sall*, 437 F.3d at 235.

Here, the agency reasonably found that Si and Min Nyo had resettled in Japan because they lived in the country for over fifteen years, their husband/father continues to live there, and they have status in Japan derivative to their refugee husband/father, which, although expired at the present time, can apparently be renewed and has been renewed in the past without complication. Furthermore, the BIA reasonably noted that Si was able to work in Japan as an assistant cook, and although she was trained in mathematics, her inability to find work in her field was "insufficient to establish that she did not have the right to freely work in Japan." Moreover, the BIA noted that Si and her husband were allowed to rent property, travel to and from Australia, and send their child to public school. Thus, the BIA's finding of firm resettlement was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B).

When the government carries its burden of establishing

4

a *prima facie* case of firm resettlement, the burden then shifts to the applicants to show that they meet one of the statutory exceptions to rebut a finding of firm resettlement. 8 C.F.R. § 1208.15. The exceptions include establishing that their residence in the country was "so substantially and consciously restricted" by the country's government so as to preclude resettlement. *Id.* § 1208.15(b). Here, the BIA erred by failing to consider material evidence regarding whether Si and Min Nyo met their burden of proving an exception to their firm resettlement. *Id.; see Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006). Specifically, the agency neglected to consider evidence of the conditions under which the petitioners lived compared to other residents of the country; "the type of housing . . . made available to [petitioners]; the types and extent of employment available to [petitioners]; the extent to which [petitioners] received permission to hold property and to enjoy other rights and privileges, such as travel documentation that includes a right of entry or reentry, education, public relief, or naturalization, ordinarily available to other residents in the country." 8 C.F.R. § 1208.15(b). While the BIA analyzed much of this evidence in the context of whether the government met its burden of

5

establishing a *prima facie* case of firm resettlement, it did not do so with respect to whether petitioners met their burden of qualifying for an exception to the firm resettlement bar. *See Jorge-Tzoc*, 435 F.3d at 150 (concluding that the agency errs when it ignores material evidence relevant to petitioner's claim).

Ultimately, the agency erred by failing to consider material evidence relevant to whether Si and Min Nyo qualified for an exception to the firm resettlement bar. *See id.* Accordingly, remand is warranted for reconsideration of the record evidence and of Si and Min Nyo's eligibility for asylum.

For the foregoing reasons, the petition for review is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
